IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLIFTON LASHAWN FRAZIER, ) | |
| AIS #00291394, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 14-00488-CG-N |
| ) | |
| LOUIS BOYD, ) | |
|     Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner Clifton Lashawn Frazier ("Frazier"), an Alabama prisoner proceeding *pro se* and *in forma pauperis* (*see* Doc. 13), has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 7).[1] The Respondent, through the Office of the Attorney General of the State of Alabama, has timely filed an Answer (Doc. 16) to the petition, and Frazier has timely filed a reply (Doc. 18) to the Answer.

Frazier's habeas petition is now ripe for adjudication and, under SD ALA Local Rule 72.2(c)(4), has been referred to the undersigned Magistrate Judge for

---

[1] Frazier filed his initial habeas corpus petition in the United States District Court for the Middle District of Alabama, on that Court's form. (*See* Doc. 5). The District Court for the Middle District of Alabama subsequently transferred the petition to this Court under 28 U.S.C. § 2241(d). (*See id.*). Following transfer, Frazier was ordered to file a new habeas petition on this Court's forms and was informed: "Petitioner's new petition will supersede his original petition; therefore, Petitioner shall not rely upon his original petition." (Doc. 6 at 1). Frazier timely complied with that order, resulting in the instant operative habeas petition (Doc. 7). Accordingly, the claims and issues in Frazier's initial habeas petition (Doc. 5 at 3 – 18) have not been considered by the undersigned. *See* Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts (a § 2254 habeas "petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make the forms available to petitioners without charge."); SD ALA LR 83.9(d)(1) ("All pleadings filed by persons proceeding *pro se* shall be filed on forms provided by the court, or in a form substantially conforming to such forms, unless otherwise ordered by the court.").

entry of a recommendation as to the appropriate disposition, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C) and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that Frazier's habeas petition (Doc. 7) be **DENIED** and that this action be **DISMISSED with prejudice**.[2] Should that recommendation be adopted, the undersigned further **RECOMMENDS** that Frazier be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

## I.     Applicable Background

On August 21, 2013, a jury of the Circuit Court of Mobile County, Alabama, convicted Frazier at trial of one count of first-degree robbery in violation of Ala. Code § 13A-8-41.  On September 23, 2013, the circuit court sentenced Frazier to 34 years' imprisonment for the conviction.  The Alabama Court of Criminal Appeals, the last Alabama court to substantively address Frazier's case, set forth the following summary of the evidence adduced at trial:

> On the evening of November 20, 2011, an armed, black male entered a Family Dollar discount store. The black male was wearing rubber gloves and was dressed in a black shirt and black pants with a black t-shirt enshrouding his face. The black male pointed his handgun at Shamarra Fluker, who was working as a cashier, and demanded money. Fluker screamed, which alerted Devonte Yelding, who was mopping in the rear of the store. Yelding went to the store's office where he telephoned 911 while watching the robbery occur on a closed-circuit television. The black male grabbed the till from the cash register, which contained approximately $152, and fled the scene on foot.

---

[2] The undersigned finds that an evidentiary hearing under 28 U.S.C. § 2254(e)(2) and Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts is not warranted prior to disposing of the petition.

Officer Ngo of the Mobile Police Department responded to the emergency dispatch. Once in the area, Officer Ngo noticed a vehicle that was parked beyond a wooded area, which Officer Ngo approximated to be 100 yards in depth, in an open lot just north of the store. Officer's [sic] Ngo's attention was drawn to the vehicle because its headlights turned on and off. Officer Ngo waited for his requested assistance before investigating further.
Once Officer Talon Edwards arrived, the two officers approached the vehicle. In the back seat, Officer Ngo observed black clothing, which matched the clothing described in the robbery. Then, the officers heard the rattle of a chain-link fence as though someone was jumping over the fence. The officers ran south, the direction of the rattle, where they observed a black male, who matched the physical description of the robber, running east behind the store. Officer William Tomberlin, who was in his patrol vehicle, observed the black male exit the woods and run east. Officer Tomberlin shone his spotlight on the black male. The black male was dressed in a white t-shirt, his underwear, and socks. Officer Tomberlin pursued the black male to the edge of a privacy fence where he struck the black male with his patrol vehicle, which prevented the black male from scaling the fence. The black male was then taken into custody and identified as Frazier. Frazier was apprehended approximately eight minutes after Yelding's telephoning of 911.

After Frazier was apprehended, Officer Jennifer Wilson recovered $6.74 in coins and a cash-register till in an area near the chain-link fence. Between the store and the location of the vehicle, Officer Wilson recovered two $10 bills and a plastic glove that was ripped near the thumb and bore bloodstains near the rip. These items were found "basically in a straight line" between the cash-register till and the vehicle. DNA testing of the blood-stained glove indicated that Frazier was the source of the blood; however, there were no traces of blood found on any other evidence. A search of the vehicle yielded four rubber gloves, pay stubs in Frazier's name, $251, two black t-shirts, a nylon stocking cap, a pair of black pants, a black belt, and a pair of black tennis shoes.[1] The handgun used during the robbery was never recovered.

> [1] Despite the presence of Frazier's pay stubs, which were found in the glove compartment, the vehicle was not registered in his name.

(Doc. 16-5 at 1 - 3 [Ala. Ct. Crim. App. 4/25/2014 Memorandum Opinion, pp. 1-3] (record citation omitted)).

Frazier appealed his conviction to the Court of Criminal Appeals, raising only one issue: "The evidence presented was legally insufficient to support a conviction of robbery first degree... The State's case rested on circumstantial evidence and should not be upheld by this Court to establish guilt beyond a reasonable doubt."  (Doc. 16-3 at 6, 13 [Frazier's Appellate Brief to Court of Criminal Appeals, p. 2]).  The Court of Criminal Appeals affirmed Frazier's conviction by unpublished memorandum issued April 25, 2014.  (Doc. 16-5).  On June 6, 2014, the Court of Criminal Appeals overruled Frazier's application for rehearing (*see* Doc. 16-7); on July 11, 2014, the Alabama Supreme Court denied his petition for a writ of certiorari.  (*See* Doc. 16-9).

Frazier subsequently filed the present habeas petition challenging his first-degree robbery conviction.[3]

## II.  Claim for Relief

Frazier's habeas petition raises a single claim for relief: "The evidence was legally insufficient to support a conviction for robbery first degree...All evidence that was used against [Frazier] is circumstancial [sic] and hinges on a theory that will not stand up to an unbiased point of view."[4]  (Doc. 7 at 6).  The Respondent does not assert any procedural bar to the petition (e.g. failure to exhaust, time-barred)

---

[3] Because Frazier challenges a conviction and sentence handed down by a state court within this judicial district, *see* 28 U.S.C. § 81(c)(2), this Court has jurisdiction to entertain his habeas petition.  *See* 28 U.S.C. § 2241(d).

[4] The undersigned abides by the directive that "courts should construe a habeas petition filed pro se more liberally than one drawn up by an attorney."  *E.g.*, *Gunn v. Newsome*, 881 F.2d 949, 961 (11th Cir. 1989).

4

but argues that Frazier's lone claim is meritless and that his petition is due to be denied. (*See* Doc. 16).

### III. Analysis

#### A. Standard for Habeas Review

Because Frazier's habeas petition was filed after April 24, 1996, it is subject to application of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). *E.g.*, *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1281 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1625 (2013). Under AEDPA, "a federal court may grant habeas relief only when a state court's decision on the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by' decisions from th[e United States Supreme] Court, or was 'based on an unreasonable determination of the facts.' " *Woods v. Donald*, -- U.S. --, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting 28 U.S.C. § 2254(d)). "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires a state prisoner to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error beyond any possibility for fairminded disagreement. If this standard is difficult to meet—and it is—that is because it was meant to be. [Federal courts] will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) (internal citations and quotations omitted). *See also Woods*, 135 S. Ct. at 1376

5

("AEDPA's standard is intentionally ' " ' difficult to meet. ' " ' " (quoting *White v. Woodall*, 572 U.S. ––––, ––––, 134 S. Ct. 1697, 1702, 188 L. Ed. 2d 698 (2014) (quoting *Metrish v. Lancaster*, 569 U.S. ––––, ––––, 133 S. Ct. 1781, 1786, 185 L. Ed. 2d 988 (2013)))). The United States Supreme Court recently re-emphasized the extent of AEDPA's "formidable barrier," stating:

> We have explained that " 'clearly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." *White*, 572 U.S., at ––––, 134 S. Ct., at 1702 (some internal quotation marks omitted). "And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Id.*, at ––––, 134 S. Ct., at 1702 (same). To satisfy this high bar, a habeas petitioner is required to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).
>
> Adherence to these principles serves important interests of federalism and comity. AEDPA's requirements reflect a "presumption that state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002) (*per curiam*). When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong. Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington, supra,* at 102–103, 131 S. Ct. 770 (internal quotation marks omitted).

*Woods*, 135 S. Ct. at 1376.

The Court of Appeals for the Eleventh Circuit has set forth the following framework for evaluating § 2254 habeas petitions under AEDPA:

> . . . [O]ur review of []Alabama courts' decisions are limited by the terms of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214

(1996). *See* 28 U.S.C. § 2254; *Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). Under AEDPA, we accord a presumption of correctness to a state court's factual findings. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). We therefore grant habeas relief to a petitioner challenging a state court's factual findings only in those cases where the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2). *See Wiggins v. Smith*, 539 U.S. 510, 528-29, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003).

AEDPA similarly constrains our review of legal questions decided on the merits in state court. Under the statute, we cannot grant habeas relief "with respect to any claim that was adjudicated on the merits in State court proceedings" unless:

> [T]he adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d). The Supreme Court has further explained the requirements of § 2254(d) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13, 120 S. Ct. 1495. When, however, a claim is properly presented to the state court, but the state court does not

> adjudicate it on the merits, we review *de novo. Cone v. Bell*, --- U.S. ----, 129 S. Ct. 1769, 1784, 173 L. Ed. 2d 701 (2009).

*Mason v. Allen*, 605 F.3d 1114, 1118-19 (11th Cir. 2010) (per curiam) (footnote omitted).

Under this framework, the undersigned will now address Frazier's claim for habeas relief. Because the Alabama Supreme Court denied Frye's petition for writ of certiorari without explanation, this Court looks to the reasoning of the Court of Criminal Appeals in its memorandum opinion (Doc. 16-5) in addressing Frye's claim. *See Powell v. Allen*, 602 F.3d 1263, 1268 n.2 (11th Cir. 2010) (per curiam) ("When the last state court rendering judgment affirms without explanation, [federal courts] presume that it rests on the reasons given in the last reasoned decision." (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991); *Sweet v. Sec., Dep't of Corrections*, 467 F.3d 1311, 1316-17 (11th Cir. 2006))).

### B.   Sufficiency of the Evidence

> Due process [under the Fourteenth Amendment of the United States Constitution] requires a state to prove each element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 316, 99 S. Ct. 2781, 2787, 61 L. Ed. 2d 560 (1979). On federal habeas corpus review of a state conviction, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' *Id*. at 319, 99 S. Ct. at 2789 (emphasis in original).

*Bishop v. Kelso*, 914 F.2d 1468, 1470 (11th Cir. 1990).

> *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of

8

> insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, ——, 132 S. Ct. 2, 4, 181 L. Ed. 2d 311 (2011) *(*per curiam*)*. And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.' " *Ibid.* (quoting *Renico v. Lett*, 559 U.S. 766, ——, 130 S. Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012) (per curiam), *reh'g denied*, 133 S. Ct. 74 (2012).

" '[T]he only question under *Jackson* is whether [the jury's] finding was so insupportable as to fall below the threshold of bare rationality,' and the state court's determination that it was not 'in turn is entitled to considerable deference under AEDPA.' " *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 463 (11th Cir. 2015) (quoting *Coleman*, 132 S. Ct. at 2065). "Under *Jackson*, federal courts must look to state law for 'the substantive elements of the criminal offense,' 443 U.S., at 324, n.16, 99 S. Ct. 2781, but the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." *Coleman*, 132 S. Ct. at 2064.[5]

---

[5]

> In the past, [the Eleventh Circuit] ha[s] indicated that
>
>> [o]nly in a case where the failure to meet a higher state burden of proof raises independent constitutional concerns—for example, a violation of due process through the arbitrary or discriminatory failure to apply a state procedural rule—would a federal court on collateral review examine the evidence to determine whether the state had met its self-imposed burden.

As the Alabama Court of Criminal Appeals stated in affirming Frazier's conviction:

> "A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he [is] armed with a deadly weapon or dangerous instrument." § 13A-8-41(a)(1), Ala. Code 1975. "A person [violates Section 13A-8-43] if in the course of committing a theft he [t]hreatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property." § 13A-8-43(a)(2), Ala. Code 1975.

(Doc. 16-5 at 4).

In finding the evidence at trial sufficient to convict Frazier of that offense, the Court of Criminal Appeals wrote:

> The State presented evidence that a man matching Frazier's general physical description committed an armed robbery at a Family Dollar discount store by taking a cash-register till containing money while armed with a handgun. The jury was provided with still frames of the robbery from the security footage; although Frazier obscured his face during the robbery, the jury was able to view Frazier's general physical characteristics.
>
> Within minutes of the robbery, Officer Ngo spotted a vehicle in a lot immediately north of the store. The vehicle, which was connected to Frazier through the presence of his pay stubs, contained clothing that matched the clothes worn by Frazier during the robbery, including the black t-shirt apparently worn over his face, and gloves that appeared to be similar to the gloves used during the robbery. Two $10 bills and a plastic glove that bore Frazier's bloodstains were later found roughly in a line between the cash-register till and the vehicle.
>
> The rattle of a nearby chain-link fence indicated that Frazier was moving away from the officers who were standing near the vehicle. The officers pursued Frazier and, upon reaching the chain-link fence, saw

---

*Bishop v. Kelso,* 914 F.2d 1468, 1473 (11th Cir.1990) (footnote omitted). [Frazier] has not attempted to make a showing that the state's failure was in some way arbitrary or discriminatory…

*Preston*, 785 F.3d at 463 n.11.

> Frazier running away. Frazier continued to flee after Officer Tomberlin shone his spotlight on Frazier and pursued him in his patrol vehicle. Frazier did not stop fleeing until he was struck by Officer Tomberlin's patrol vehicle.
>
> Frazier's apparel or lack thereof made his fleeing from officers more incriminating than usual. Frazier was shoeless during his flight, and he was dressed in a white t-shirt, his underwear, and socks. The absence of pants and shoes suggests that Frazier was not caught in the midst of an evening jog in late November, but rather that Frazier had attempted to alter his appearance by removing the clothes he had been wearing during the robbery. The presence in the vehicle of clothes matching those worn during the robbery bolsters that inference.

(*Id.* at 4 – 5 (citation omitted)).

Because the Alabama state courts adjudicated Frazier's "sufficiency of the evidence" claim on the merits, in order to show entitlement to habeas relief, Frazier must show either that the decision was contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts.  Frazier has failed to satisfy this burden.

First, Frazier's quibble that all evidence supporting his conviction was "circumstantial" bears no consideration on habeas review.  Certainly, under Alabama law, " ' "[a] conviction based solely on circumstantial evidence can be sustained only if the jury could have reasonably found that the State's evidence excluded every reasonable hypothesis except that of the defendant's guilt." ' " (Doc. 16-5 at 4 (quoting *Gibbs v. State*, 695 So. 2d 649, 654 (Ala. Crim. App. 1996) (quoting *Ex parte Clark*, 591 So. 2d 23, 25 (Ala. 1991))).  "[H]owever, the [Alabama] rule and the federal rule are significantly different.  Under *Jackson*, the prosecution does not have 'an affirmative duty to rule out every hypothesis except that of guilt

11

beyond a reasonable doubt.' " *Preston*, 785 F.3d at 463 (quoting *Jackson*, 443 U.S. at 326). " 'When the record reflects facts that support conflicting inferences, there is a presumption that the jury resolved those conflicts in favor of the prosecution and against the defendant.' " *Id.* (quoting *Johnson v. Alabama*, 256 F.3d 1156, 1172 (11th Cir. 2001)). "[Alabama]'s circumstantial evidence rule, therefore, 'has no place in our sufficiency of the evidence analysis.' " *Id.* at 463-64 (quoting *Wilcox v. Ford,* 813 F.2d 1140, 1145 n.7 (11th Cir. 1987)) (rejecting application on federal habeas review of Florida's similar heightened burden of proof for cases involving circumstantial evidence).[6]

Frazier also conclusorily asserts that his conviction "hinges on a theory that will not stand up to an unbiased point of view." Frazier never makes clear what sort of "bias" allegedly tainted his conviction, and regardless, on habeas review this Court must take a "biased point of view" insofar as it must "view[] the evidence in the light most favorable to the prosecution" to determine if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

---

[6] To the extent Frazier argues that the Alabama courts misapplied Alabama law, errors of state law do not warrant federal habeas relief. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983) (per curiam) ("Questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes…A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."); *Sneed v. Fla. Dep't of Corr.*, 496 F. App'x 20, 25 (11th Cir. Nov. 7, 2012) (per curiam) (unpublished) ("To the extent that Sneed alleged a violation of Florida's speedy trial rules, that type of claim is not cognizable on federal habeas review because it only involves state procedural rules rather than errors of federal constitutional dimension.").

*Jackson*, 443 U. S. at 319.  As such, Frazier's threadbare claim of bias does not warrant further consideration.

In his reply, Frazier proffers more specific allegations in support his claim.  First, he claims that the Court of Criminal Appeals's finding that he "was fleeing wearing underpants" is "not only misleading, but a complete fabrication that can be disproved looking at the facts" because, according to Frazier, while he was indeed wearing underpants, "the fact that [he] was wearing shorts (basketball)[ was] omitted[.]" (Doc. 18 at 1).  Frazier continues:

> Another point of conflict is the bloodstained glove!  The "theory" is that coming from the robbery, I tore the glove and my hand jumping the fence.  How was I able to, after jumping the fence, come in contact with money, my clothes, and the car, without leaving any traces of blood on anything?  Keep in mind that from the time that the crime happened until I was in handcuffs, only seven to eight mins. had elapsed.  No one has even put the time to a test.

(*Id.*).

Even excluding all of these disputed evidentiary points, the unchallenged factual findings of the Court of Criminal Appeals show the following: (1) an individual matching Frazier's general physical description robbed the Family Dollar store at gunpoint while wearing plastic gloves; (2) a plastic glove with Frazier's blood on it was found near the cash register till taken from the store; (3) clothes matching those worn by the robber were found in a car which was connected to Frazier through pay stubs found therein; and (4) Frazier was apprehended within the vicinity of the store after jumping a fence and fleeing from police officers responding to the robbery.  Considering these undisputed facts, the undersigned

finds that the Alabama courts' determination that sufficient evidence supported Frazier's conviction was neither contrary to nor an unreasonable application of clearly established federal law, nor did it involve an unreasonable determination of the facts.

Even if, as he claims, Frazier was in fact wearing basketball shorts over his underwear when apprehended, the Court of Criminal Appeals's finding that Frazier was fleeing in his underwear served merely to bolster the determination that Frazier's behavior was suspicious, a rational inference amply supported by other, unchallenged evidence (e.g. that Frazier was fleeing without shoes). While it might be considered unusual that Frazier's blood was found only on the glove, this does not negate that fact that Frazier's blood was still linked to the robbery. Finally, Frazier has offered no coherent argument why the amount of time elapsing between the robbery and his arrest renders the state courts' decision unreasonable.

As such, the undersigned will **RECOMMEND** that Frazier's habeas petition (Doc. 7) be **DENIED** and this action **DISMISSED with prejudice**.

### C.     Certificate of Appealability

In actions, such as this one, brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing § 2254 Cases in the United States District Courts. "A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. §

2253(c)(2)).  However, "a COA does not require a showing that the appeal will succeed." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Where, as here, the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Miller-El*, 537 U.S. at 336 ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted).

Upon consideration, the undersigned will **RECOMMEND** that a certificate of appealability in this action be **DENIED**. Frazier has not made a substantial showing of the denial of a constitutional right, and he has presented no constitutional claim for which "reasonable jurists would find [this] court's assessment…debatable or wrong." *Slack*, 529 U.S. at 484.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this

15

argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011)[7]; *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).[8]

### D.     Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). *See also Weaver v. Patterson*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568218, at *7

---

[7] It should be noted that in that proceeding, the Eleventh Circuit (Judge Hull) also denied the petitioner's motion for certificate of appealability on October 11, 2011. (*See* Doc. 14 in CA-11-0165-WS-C.).

[8] Should the Court adopt this recommendation and deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing § 2254 Cases in the United States District Courts.

(S.D. Ala. June 19, 2012) (Nelson, M.J.), *report and recommendation adopted*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568093 (S.D. Ala. July 3, 2012) (Steele, C.J.) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed. R. App. P. 24(a)(3)(A); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); *DeSantis v. United Techs, Corp.*, 15 F. Supp. 2d 1285, 1288–89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless.' *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)."). *But see, e.g., United States v. McCray*, No. 4:07CR20-RH, 2012 WL 1155471, at *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.").

Based on the foregoing analysis, the undersigned will **RECOMMEND** the Court certify that any appeal by Frazier in this action would be without merit and

therefore not taken in good faith and, accordingly, find that Frazier is not entitled to appeal *in forma pauperis*.

## IV. Conclusion

In accordance with the foregoing analysis, it is **RECOMMENDED** that Frazier's habeas petition (Doc. 7) be **DENIED**, that this action be **DISMISSED with prejudice**, that judgment be entered in favor of the Respondent, and that the Court find that Frazier is not entitled to a certificate of appealability or to appeal *in forma pauperis*.

## V. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); SD ALA LR 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 15th day of June 2015.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**